Merritt agt. Gosman.

*February Term*, 1846.

MOTION by defendant to change venue.

Defendant's affidavit was objected to as insufficient; that part of the affidavit objected to read as follows: " that he has a good and substantial defence on the merits to the whole of the said plaintiff's demand, as he is advised by his said counsel and believes to be true; that he has also fully and fairly disclosed to his said counsel what he expects to prove on the trial of this cause by each and every of the witnesses hereinafter named; that he cannot safely proceed to the trial of this cause without the benefit of the testimony of each and every of the said witnesses; that the testimony of each and every of the said witnesses is material and necessary to this deponent on the trial of said cause, as he is advised by his said counsel and verily believes to be true." The objection was made to that part which reads, " that he cannot safely proceed to the trial of this cause without the benefit of the testimony of each and every of the said witnesses," *as he is also advised by his said counsel and verily believes to be true*, should have been inserted after witnesses, and cited 3 *Wend.* 425.

F. S. EDWARDS, *defendant's counsel.*

M. BROWN, *defendant's attorney.*

E. QUIN, *plaintiff's counsel.*

E. & G. E. QUIN, *plaintiff's attorneys.*

BRONSON, Chief Justice. Denied the motion with costs without prejudice, for the defect mentioned.

---

ISAAC MERRITT *et al.* agt. HENRY R. GOSMAN, imp'd, &c.

## TAXATION OF COSTS.

In an action of debt on a money bond and judgment by default, the costs can be taxed *by items.*

*February Term*, 1846.

MOTION by defendant for retaxation of costs.

This suit was commenced by declaration in an action of debt on a bond for the payment of money; defendant demurred to the declaration; plaintiff amended declaration; no demurrer or plea was interposed to the amended declaration; no issue was joined in the cause upon it, and plaintiff took judgment by default. Plaintiff's attorney made out his bill of costs by items on the taxation. Defendant's attorney [*84] objected to the whole bill generally, on *the ground that the plaintiff could not tax the bill by items, upon a default; and to every item specifically, except such as were taxable by statute upon a default.

> S. O. SHEPARD, *defendant's counsel.*
> HARRIS & SHEPARD, *defendant's attorneys.*
> A. K. HADLEY, *plaintiffs' counsel and attorney.*

BRONSON, Chief Justice. The costs can be taxed *by items,* it does not come within either of the two classes of cases in the statute; the costs in that respect was properly taxable. As regards the items of *brief* and *counsel fee,* they were improperly taxed, there not having been any issue of law or of fact joined. The plaintiff amended his declaration; therefore the *amended declaration* was not taxable. *Drawing bill of costs,* $1.00 was taxed too much; there was no trial or argument, $0.50 was a proper charge, and $0.50 *for the two copies.* All of the charges for *amended pleadings* were improperly taxed, $9.25; these items, amounting in all to $16.25, must be stricken from the bill and endorsed on the execution, if issued.